IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEX RYAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 20 CV 7524 ) |
| The VILLAGE OF OAK LAWN, Illinois, a municipal corporation, and Oak Lawn Police Officers ROBERT CARROLL #2262, GABRIEL FERRER #2268, MAT McDEVITT #2266, and CHARLES ZYLIUS #2202, | ) Judge ) ) Magistrate Judge ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, ALEX RAYN, through his attorneys, The Hamilton Law Office, LLC, makes the following complaint against Defendants VILLAGE OF OAK LAWN ("Defendant VILLAGE") and Oak Lawn Police Officers ROBERT CARROLL #2262, GABRIEL FERRER #2268, MAT McDEVITT #2266, and CHARLES ZYLIUS #2202 ("Defendant OFFICERS"):

## JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and under common law of Illinois.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

## PARTIES

4. Plaintiff ALEX RYAN is 27-years-old, lives in Oak Lawn, Illinois and works as a marketing manager for an energy company.

5. Defendant OFFICERS, at all relevant times, are or were Oak Lawn police officers, employed by Defendant VILLAGE, acting under color of law, and within the scope of their employment.

6. Defendant VILLAGE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant OFFICERS.

## FACTS

7. On the afternoon of December 18, 2019, RYAN was at a Walgreen's located at 4740 West 95th Street in Oak Lawn, Illinois.

8. RYAN was sitting in the driver's seat of his vehicle parked in the Walgreen's parking lot while his friend was inside the store making a purchase.

9. Defendant CARROLL approached a car parked next to RYAN and began questioning the occupants.

10. RYAN did not know the people in the vehicle parked next to him and had not had any interaction with them.

11. RYAN had his cell phone in his hands.

12. Defendant CARROLL thought RYAN was recording him.

13. Defendant CARROLL said to RYAN, "Don't you fucking move either, you piece of shit," or words to that effect.

14. RYAN verbally objected to CARROLL calling him a piece of shit.

15. At some point, Defendants McDEVITT, ZYLIUS and FERRAR also arrived in the Walgreens' parking lot.

16. Defendant McDEVITT arrived and ordered RYAN to get out of his vehicle and place his hands on the rear of his vehicle.

17. RYAN complied with Defendant McDEVITT'S orders.

18. On the afternoon on December 18, 2019, the temperature was approximately 19 degrees Fahrenheit in Oak Lawn, Illinois.

19. RYAN was wearing sweatshirt and sweatpants, with no coat, hat or gloves, when he was ordered to stand outside at the rear of his vehicle.

20. Defendant McDEVITT did not have reasonable suspicion that RYAN was armed or dangerous.

21. Defendant McDEVITT first performed a pat-down search of RYAN's person and did not feel anything that resembled a weapon.

22. Defendant McDEVITT then ordered RYAN to empty his pockets onto the trunk of RYAN's vehicle.

23. Defendant McDEVITT's did not find anything illegal on RYAN's person.

24. Defendant CARROLL then performed a second and more thorough search of RYAN's person.

25. Defendant CARROLL's search of RYAN occurred in a public parking lot, facing toward a major street that was busy with traffic.

26. Defendant CARROLL pulled up RYAN's sweatshirt, exposing his torso and chest, and looked underneath it. Defendant CARROLL pulled the waistband of RYAN's pants away from his body and looked down RYAN's pants, exposing his underwear. Defendant CARROLL searched inside RYAN's pockets himself and pulled the legs of RYAN's pants up.

27. Defendant CARROLL found nothing illegal on RYAN's person.

28. Defendant CARROLL picked up RYAN's mobile phone, which RYAN had placed on the trunk of his vehicle.

29. Defendant CARROLL picked up RYAN's phone and discovered that RYAN was video recording their interaction.

30. Defendant CARROLL ended the recording then tossed RYAN's mobile phone roughly onto the hood of RYAN's car, damaging the phone.

31. Defendants CARROLL and MCDEVITT then searched RYAN's vehicle, including the center console and glove box.

32. Defendants CARROLL and MCDEVITT left RYAN's vehicle in disarray.

33. Defendants CARROLL and MCDEVITT had no legal justification to search RYAN's vehicle.

34. Defendants ZYLIUS and FERRER were nearby during these unlawful searches and failed to do anything to intervene or to object to them.

35. There was nothing illegal in RYAN's vehicle.

36. After detaining RYAN outside in the cold, breaking his phone and invasively searching his person and vehicle, Defendant OFFICERS ordered RYAN to leave without his friend.

37. Defendant OFFICERS did not issue RYAN any tickets or charge him with any crimes.

## COUNT I
(42 U.S.C. § 1983 – Unlawful Search & Seizure)

38. Each of the foregoing paragraphs is incorporated as if fully restated here.

39. As described above, Defendant OFFICERS detained and searched RYAN's person and his vehicle without probable cause, reasonable suspicion, consent or any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

40. In addition, the manner and scope of Defendant CARROLL's search of RYAN was unreasonable under the circumstances.

41. One or more of Defendant OFFICERS was aware of his fellow officer's misconduct with respect to RYAN, had a reasonable opportunity to intervene but failed to do so.

42. As a direct and proximate result of this unlawful search and seizure, RYAN suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant Officer OFFICERS in a fair

and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

ALEX RYAN, Plaintiff

Respectfully Submitted,

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
312.726.3157 (fax)
tlh@thehamiltonlawoffice.com
Atty No. 6229397